IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

METAL BUILDING
COMPONENTS, L.P.,

        Plaintiff,

vs.                                          CIV-04-0256 MV/DJS

JOE ALLEN CAPERTON,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objection to Magistrate's Order Denying Motion for Expedited Discovery, filed March 17, 2004, **[Doc. No. 12]** and Plaintiff's Objection to Magistrate's Order Denying Plaintiff's Renewed Motion for Expedited Discovery, filed March 19, 2004, **[Doc. No. 19]**. The Court, having considered the objections, briefs, relevant law, and being otherwise fully informed, finds that the objections are well-taken and will be **SUSTAINED**.

Plaintiff Metal Building Components, L.P., provides metal building components such as roof and wall panels, doors, metal partitions, metal trim and other accessories. Plaintiff distributes its products, in part, through a chain of retail establishments named "Metal Depot." Defendant Joe Allen Caperton was employed by Plaintiff between March 25, 1995 and June 26, 2003 as the Regional Manager at the Albuquerque Metal Depot. In this capacity, Defendant controlled the inventory and the bookkeeping.

In November 2003, Plaintiff received an anonymous telephone call from an individual who reported that Defendant had been stealing Plaintiff's property. Plaintiff initiated an investigation

which revealed that over $75,000 in inventory was missing from the Albuquerque Metal Depot. During this investigation Plaintiff discovered that during his employment with Plaintiff, Defendant allegedly loaded his personal vehicles and trailers with Plaintiff's materials in order to make "courtesy deliveries" to customers. Plaintiff, who did not authorize such "courtesy deliveries," asserts that Defendant used the "courtesy delivery" explanation to justify to other employees his taking of Plaintiff's property.

Plaintiff also discovered that Defendant and his family members have large quantities of Plaintiff's materials visible on their property. In particular, Plaintiff discovered that in 2001, Defendant and his wife purchased a piece of vacant land located at 802 11th Street, Eunice, New Mexico ("Eunice Property"). In 2002, Defendant had a construction company erect a large metal building on this lot with material supplied by Defendant. Plaintiff asserts that a large amount of the metal building components visible on the outside of the metal building were made by Plaintiff and that additional materials manufactured by Plaintiff are visible inside the building.

Plaintiff asserts that Defendant did not purchase any materials from Plaintiff during the time he was employed by Plaintiff even though, as an employee, he was entitled to purchase Plaintiff's materials at cost. Therefore, Plaintiff concludes that its materials in Defendant's possession were misappropriated from Plaintiff.

Following the termination of his employment with Plaintiff, Defendant established his own business selling metal building components. Plaintiff alleges that the metal building components Defendant is selling were stolen from Plaintiff.

Plaintiff filed a complaint alleging conversion, unjust enrichment, and seeking an equitable accounting. As relief, Plaintiff seeks, in part, to have the Court impose a constructive trust and

equitable lien on any and all of Plaintiff's assets in Defendant's control or possession and on any of Defendant's property that has been enhanced with anything of value misappropriated from Plaintiff.

On March 8, 2004, the Court granted an *ex parte* temporary restraining order enjoining Defendant, his officers, agents, servants, attorneys and all persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, from altering, damaging, moving, concealing, selling, transferring, disposing of, encumbering, or otherwise tampering with:

> 1.) Plaintiff's building materials and any and all money, property, and other assets which rightfully belong to Plaintiff;
>
> 2.) Any and all of Plaintiff's assets which are in their possession, custody, or control; and
>
> 3.) Any and all real and personal property that was acquired or enhanced with anything of value misappropriated from Plaintiff.

Upon stipulation of the parties, the temporary restraining order was converted into a preliminary injunction.

On March 8, 2004, Plaintiff filed an *ex parte* motion for expedited discovery. Plaintiff sought an order giving its agents permission to enter Defendant's Eunice Property to inspect, photograph, test, and sample any metal building components thereon. Plaintiff asserted that the requested expedited discovery was necessary to determine the quantity of its property in Defendant's possession and to insure that Defendant did not conceal or dispose of property which rightfully belonged to Plaintiff. The magistrate judge denied this motion on March 9, 2004, finding that Plaintiff had failed to demonstrate irreparable injury:

> Plaintiff has not shown that it will suffer irreparable injury if it is not permitted expedited discovery. Plaintiff does [not] allege that the material appropriated by Defendant is unique or irreplaceable. More importantly, Plaintiff does not allege that proof of Defendant's alleged conversion is only available through entrance upon Defendant's property and inspection of that property and materials therein. Inventory and examination of Plaintiff's own materials and records should reveal the disappearance of building materials in the amount alleged in the complaint.

March 9, 2004 Order.

Plaintiff filed a Renewed Motion for Expedited Discovery and to Permit Entry and Inspection of Land and Tangible Things. In this motion, Plaintiff asserted that it needed the requested discovery to "ensure that Caperton does not conceal or dispose of that property on which MBC seeks to impose a constructive trust and equitable lien" and for the preliminary injunction hearing in this matter. Plaintiff further asserted that its records were inadequate to determine the amount of inventory missing, and potentially in Defendant's possession, because Defendant controlled the bookkeeping and inventory at the facility from which he allegedly stole the property. The magistrate judge denied Plaintiff's renewed motion, finding that the temporary restraining order "adequately protects plaintiff, and plaintiff has other remedies, including its having retained private investigators." March 23, 2004 Order.

Plaintiff filed objections to both the March 9, 2004 Order and the March 23, 2004 Order, asserting that the magistrate judge applied the wrong legal standard to Plaintiff's request for expedited discovery.

## LEGAL STANDARD

A district court may modify or set aside a ruling of a magistrate judge only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the reviewing court must affirm unless the court "on the entire evidence is left with the definite and

4

firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

### DISCUSSION

Rule 26(d) of the Federal Rules of Civil Procedure generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f). The Court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery. *See, e.g.*, Fed. R. Civ. P. 26(b)(2) and 26(d). However, a party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of establishing that the requested departure from usual discovery procedures is warranted.

Courts are split as to whether a party seeking expedited discovery must satisfy a "good cause" standard or the more stringent standard set forth in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y.1982), which largely tracks the standard required for obtaining a preliminary injunction.[1] *Compare Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419-20 (D.Colo. 2003) (discussing the split over the continuing vitality of *Notaro* and adopting the "good cause" standard) and *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D.Cal.2002) (rejecting *Notaro* as having been based on a superseded version of the Federal Rules of Civil Procedure) *with Irish Lesbian & Gay Org. v. Giuliani*, 918 F.Supp. 728 (S.D.N.Y. 1996) (applying *Notaro* where expedited discovery was sought in preparation for a preliminary injunction hearing) and *Cecere v. Cty. of Nassau*, 258 F.Supp.2d 184, 186 (E.D.N.Y.

---

[1] The *Notaro* factors are (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between expedited discovery and avoidance of the irreparable injury; and (4) some evidence that injury that will result without expedited discovery loom greater than the injury that the defendant will suffer if the expedited relief is granted. *Notaro,* 95 F.R.D. at 405.

2003) (applying *Notaro* standard in case involving constitutional challenge to legislative redistricting). The Tenth Circuit has not addressed the proper standard for evaluating a request for expedited discovery.

   The Court is persuaded that the more flexible "good cause" standard is the appropriate standard under Rule 26(d). The *Notaro* test does not accommodate expedited discovery in circumstances where such discovery would facilitate case management and expedite the case with little or no burden to the defendant simply because the plaintiff would not suffer "irreparable injury." Such a result would be inconsistent with Rule 26(d), which requires the Court to consider "the interests of justice," would be contrary to the overarching mandate of Rule 1, which requires that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," and would unduly circumscribe the wide discretion normally accorded the trial court in managing discovery.

   In addition, expedited discovery is frequently necessary and appropriate in cases involving requests for a preliminary injunction. *See, e.g.*, *Ellsworth Assocs., Inc. v. United States*, 917 F.Supp. 841, 844 (D.D.C. 1996) (holding that good cause for expedited discovery may exist where a party seeks a preliminary injunction); Fed. R. Civ. P. 26 Adv. Comm. Notes (1993 amendments to subdivision (d)) (expedited discovery is appropriate "in some cases, such as those involving requests for a preliminary injunction"). When a plaintiff seeks expedited discovery in order to prepare for a preliminary injunction hearing, it does not make sense to use preliminary injunction analysis factors to determine the propriety of an expedited discovery request. *See, e.g., Merrill Lynch*, 194 F.R.D. at 624. Rather, "it makes sense to examine the discovery request . . . on the entirety of the record to date and the *reasonableness* of the request in light of all the

surrounding circumstances." *Id*. (emphasis in original).

For all the above reasons, the Court finds that requests for expedited discovery should be evaluated under the "good cause" standard. Consequently, the magistrate judge's application of the *Novato* test to Plaintiff's requests for expedited discovery was clearly erroneous or contrary to law. The Court must now determine if Plaintiff demonstrated good cause for the requested expedited discovery.

Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant. Good cause is frequently found when a party seeks a preliminary injunction, *see, e.g., Ellsworth Associates,* 917 F.Supp. at 844, and when physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation, *see Pod-Ners,* 204 F.R.D. at 676.

Plaintiff is seeking equitable relief in the form of a constructive trust and equitable lien on all of Plaintiff's assets in Defendant's control or possession and on any of Defendant's property that has been enhanced with anything of value misappropriated from Plaintiff. Some of the assets on which Plaintiff seeks to impose a trust or lien are physical goods which can be easily sold or otherwise disposed or concealed. Plaintiff asserts that an expedited inspection of Defendant's Eunice Property is necessary to inventory the type and quantity of Plaintiff's materials in Defendant's possession to ensure that Defendant does not conceal or dispose of the property on which Plaintiff seeks to impose a constructive trust and equitable lien.[2] If Defendant disposes of

---

[2] Plaintiff also asserts that the requested discovery is necessary to prepare for the preliminary injunction hearing in this matter. As the parties have since stipulated to the entry of a preliminary injunction, Defendant's purported need for expedited discovery to prepare for the preliminary injunction hearing is moot.

Plaintiff's property, Plaintiff's requested equitable remedy will not be available.

Although the preliminary injunction issued in this case prohibits Defendant from disposing of any of Plaintiff's property, the injunction will only be effective if Plaintiff knows the amount and type of its property in Defendant's possession. Plaintiff asserts that it cannot determine the type and amount of its missing property from the records in its possession because the records were created and maintained by Defendant during the time he was allegedly misappropriating Plaintiff's property.

Defendant does not appear to contest that the requested discovery is relevant and will be produced in the normal course of discovery. The Court is unable to discern any prejudice or hardship to Defendant if Plaintiff is permitted to conduct the inspection of the Eunice Property on an expedited basis. Furthermore, there is no concern that Defendant, who is represented by counsel, would "unwarily incriminate" himself by granting the discovery on an expedited basis.

Plaintiff seeks an equitable remedy involving Plaintiff's property allegedly in Defendant's possession; Plaintiff cannot determine the amount of its property allegedly in Defendant's possession without an inspection; at least some of the property at issue is easily sold, disposed or otherwise concealed; an inspection of the type and quantity of Plaintiff's property allegedly contained on Defendant's Eunice Property would be permitted in the ordinary course of discovery; and the Court cannot discern any prejudice or hardship to Defendant from allowing this inspection to occur on an expedited basis. On the entirety of the record to date and in light of all the surrounding circumstances, the Court finds that Plaintiff has demonstrated good cause for the requested expedited discovery.

Since the filing of Plaintiff's objections to the magistrate's rulings on its requests for

expedited discovery, the Rule 26(f) conference was held in this case. Consequently, Plaintiff no longer needs leave of the Court to serve discovery prior to the Rule 26(f) conference and, in fact, Plaintiff served a discovery request seeking entry and inspection of land and tangible things on March 26, 2004. The Court assumes that this discovery includes a request to inspect the Eunice Property. A party generally has thirty days to respond to such a discovery request. *See* Fed. R. Civ. P. 34(b). In recognition of Plaintiff's demonstrated good cause for expedited discovery, the Court will shorten Defendant's response time to Plaintiff's request to inspect the Eunice Property to seven days from the date of this Order.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Magistrate's Order Denying Motion for Expedited Discovery, filed March 17, 2004, **[Doc. No. 12]** and Plaintiff's Objection to Magistrate's Order Denying Plaintiff's Renewed Motion for Expedited Discovery, filed March 19, 2004, **[Doc. No. 19]** are hereby **SUSTAINED.** Defendant has seven days from the date of this Order to respond to Plaintiff's request for a physical inspection of Defendant's property located at 802 11th Street, Eunice, New Mexico.

Dated this 2nd day of April, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE