IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
Las Cruces, New Mexico

APR 13 2004

CLERK

METAL BUILDING
COMPONENTS, L.P.,

    Plaintiff,

vs.                                CIV-04-0256 MV/DJS

JOE ALLEN CAPERTON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Request for Reconsideration, filed April 12, 2004, [Doc. No. 40]. Defendant requests that the Court reconsider its April 12, 2004 Order permitting Plaintiff to inspect and inventory the metal building components located on Defendant's property.

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. When the Court has misapprehended the facts or misapplied the law, however, a party may seek relief pursuant to Fed. R. Civ. P. 59 or 60. The decision whether to grant or deny a motion under Rule 59 or 60 is committed to the Court's discretion. *See, e.g., Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A court may grant reconsideration to (1) correct clear error or prevent manifest injustice; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in law. *See Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

In an Order dated April 2, 2004, the Court found that Plaintiff had demonstrated good

cause to expedite entry upon Defendant's property located at 802 11th Street, Eunice, New Mexico, to inventory the metal building components located thereon. The Court, therefore, shortened the period for Defendant to serve his written response to Plaintiff's request for entry upon Defendant's property from the thirty days provided in Federal Rules of Civil Procedure Rule 34(b) to seven days. Rather than file a written response to Plaintiff's requested discovery, as required by Rule 34(b), Defendant filed a response to the Court's April 2, 2004 Order. *See* Defendant's Response to Orders, filed April 9, 2004 [Doc. No. 34]. The Court reviewed Defendant's response and, finding that it provided no basis to delay Plaintiff's inspection of Defendant's property, granted Plaintiff's motion requesting that the inspection take place on April 14, 2004.

Defendant seeks reconsideration of the Court's Order granting Plaintiff permission to conduct an expedited inspection of Defendant's property. As grounds for this motion, Defendant asserts that his response to Plaintiff's motion, which was filed after the Court entered its Order granting Plaintiff's motion, demonstrates that Plaintiff provided false information and misrepresentations in order to obtain the expedited discovery. The Court has reviewed Defendant's response and finds that it provides no basis for the Court to reconsider its April 12, 2004 Order.

In his response, Defendant asserts that Plaintiff has taken inconsistent positions regarding Defendant's employer, job title, and job duties in this case and in another pending matter between the parties, and that these inconsistencies require the Court to deny the expedited discovery. Whether Defendant was an employee of Metal Buildings Components, L.P, or its associated company, NCI Building Products, Inc., is irrelevant to the Court's determination that

2

Plaintiff demonstrated good cause for an expedited inspection of Defendant's property. Similarly, whether Defendant's job title was "regional manager" or "store manager" is also irrelevant to the Court's determination. Whether Defendant's job duties included control over the bookkeeping and inventory of the Albuquerque Metal Depot, which is one of the reasons provided by Plaintiff as justification for the expedited inspection and inventory of Defendant's property, is potentially relevant. Defendant contends that in the other pending matter between the parties, Plaintiff described Defendant's job duties, in part, as being responsible for "customer sales as well as the overall management" of the Albuquerque Metal Depot. Defendant asserts that this description clearly refutes Plaintiff's representation that Defendant was in control of bookkeeping and inventory at the Albuquerque Metal Depot. The Court is not persuaded the two descriptions are inconsistent or contradictory. Being responsible for the "overall management" of the Albuquerque Metal Depot could include control over the bookkeeping and inventory as asserted by Plaintiff.

The Court has not misapprehended the facts or misapplied the law. The alleged misrepresentations and inconsistencies Defendant has identified provide no basis for the Court to reconsider its finding that Plaintiff has demonstrated good cause to expedite entry upon Defendant's property to inventory the metal building components located thereon.

**IT IS HEREBY ORDERED** that Defendant's Request for Reconsideration, filed April 12, 2004, **[Doc. No. 40]** is hereby **DENIED**.

Dated this 13th day of April, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE