IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

METAL BUILDING
COMPONENTS, L.P.,

        Plaintiff,

vs.                                        CIV-04-0256 MV/DJS

JOE ALLEN CAPERTON,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Return or Reduction and Payout of Injunction Bond, filed April 2, 2004, **[Doc. No. 29]**.

Plaintiff Metal Building Components, L.P., provides metal building components such as roof and wall panels, doors, metal partitions, metal trim and other accessories. Plaintiff distributes its products, in part, through a chain of retail establishments named "Metal Depot." Defendant Joe Allen Caperton was employed by Plaintiff between March 25, 1995 and June 26, 2003 as the Regional Manager at the Albuquerque Metal Depot. In this capacity, Defendant allegedly controlled the inventory and the bookkeeping.

In November 2003, Plaintiff received an anonymous telephone call from an individual who reported that Defendant had been stealing Plaintiff's property. Plaintiff initiated an investigation which revealed that over $75,000 in inventory was missing from the Albuquerque Metal Depot. During this investigation Plaintiff discovered that during his employment with Plaintiff, Defendant allegedly loaded his personal vehicles and trailers with Plaintiff's materials in order to make "courtesy deliveries" to customers. Plaintiff, who did not authorize such "courtesy deliveries,"

asserts that Defendant used the "courtesy delivery" explanation to justify to other employees his taking of Plaintiff's property.

Plaintiff also discovered that Defendant and his family members have large quantities of Plaintiff's materials visible on their property. In particular, Plaintiff discovered that in 2001, Defendant and his wife purchased a piece of vacant land located at 802 11th Street, Eunice, New Mexico ("Eunice Property"). In 2002, Defendant had a construction company erect a large metal building on this lot with material supplied by Defendant. Plaintiff asserts that a large amount of the metal building components visible on the outside of the metal building were made by Plaintiff and that additional materials manufactured by Plaintiff are visible inside the building.

Plaintiff asserts that Defendant did not purchase any materials from Plaintiff during the time he was employed by Plaintiff even though, as an employee, he was entitled to purchase Plaintiff's materials at cost. Therefore, Plaintiff concludes that its materials in Defendant's possession were misappropriated from Plaintiff.

Plaintiff alleges that following the termination of Defendant's employment with Plaintiff, Defendant established his own business selling metal building components and that the metal building components Defendant is selling were stolen from Plaintiff. Defendant denies that he has established any business selling metal building components.

Plaintiff filed a complaint alleging conversion, unjust enrichment, and seeking an equitable accounting. As relief, Plaintiff seeks, in part, to have the Court impose a constructive trust and equitable lien on any and all of Plaintiff's assets in Defendant's control or possession and on any of Defendant's property that has been enhanced with anything of value misappropriated from Plaintiff.

Case 6:04-cv-00256-MV-DJS   Document 45   Filed 06/01/04   Page 3 of 4

On March 8, 2004, the Court granted an *ex parte* temporary restraining order enjoining Defendant, his officers, agents, servants, attorneys and all persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, from altering, damaging, moving, concealing, selling, transferring, disposing of, encumbering, or otherwise tampering with:

1.) Plaintiff's building materials and any and all money, property, and other assets which rightfully belong to Plaintiff;

2.) Any and all of Plaintiff's assets which are in their possession, custody, or control; and

3.) Any and all real and personal property that was acquired or enhanced with anything of value misappropriated from Plaintiff.

Pursuant to Fed. R. Civ. P. 65(c), Plaintiff was required to post a $25,000.00 bond.

Upon stipulation of the parties, the temporary restraining order was converted into a preliminary injunction. Plaintiff now moves the Court for an Order returning or reducing the injunction bond he posted on the grounds that there is no likelihood of Defendant being harmed by the injunction.

## **ANALYSIS**

Rule 65(c) provides that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). While the language of Rule 65(c) appears to be mandatory, the Tenth Circuit has held that the imposition of a bond is within the discretion of the Court. *See Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1206

3

(10th Cir. 2003) ( trial court has "wide discretion" under Rule 65(c) in determining whether to require security). "[A] trial court may, in the exercise of discretion, determine a bond is unnecessary to secure a preliminary injunction if there is an absence of proof showing a likelihood of harm." *Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1461, 1462 (10th Cir. 1987) (internal quotes omitted); *see also MAI Basic Four, Inc. v. Basis, Inc.*, 962 F.2d 978, 980 (10th Cir. 1992) (finding injunction bond unnecessary); *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 782 (10th Cir.1964) ("Under [Rule 65(c)] the trial judge has wide discretion in the matter of requiring security and if there is an absence of proof showing a likelihood of harm, certainly no bond is necessary.").

Defendant opposes return or reduction of the injunction bond. The only potential harm Defendant identified, however, is the possibility that any sampling or testing of the metal building components at issue could damage or destroy his property. The Court previously prohibited any destructive sampling or testing of the metal building components present on Defendant's property. *See* April 12, 2004 Order. In the absence of proof showing a likelihood of harm from the preliminary injunction, the Court will grant Plaintiff's request that the injunction bond be returned.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Return or Reduction and Payout of Injunction Bond, filed April 2, 2004, **[Doc. No. 29]** is hereby **GRANTED**. The twenty-five thousand dollar bond posted by Plaintiff shall be returned to Plaintiff.

Dated this 1st day of June, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE